No. 05-312

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 323N

STATE OF MONTANA,

             Plaintiff and Respondent,

      v.

ROBERT DOYLE,

             Defendant and Appellant.

APPEAL FROM:    The District Court of the Sixteenth Judicial District,
                In and For the County of Garfield, Cause No. DC 04-301,
                Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

             Roy W. Johnson, Billings, Montana

        For Respondent:

             Honorable Mike McGrath, Attorney General; Tammy K. Plubell,
             Assistant Attorney General, Helena, Montana

             Nickolas C. Murnion, County Attorney, Jordan, Montana

                                       Submitted on Briefs:  September 13, 2006

                                             Decided:   December 7, 2006

Filed:

        _____
                             Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Robert Doyle (Doyle) appeals from the ruling of the Sixteenth Judicial District Court, Garfield County, denying his objection to the introduction of blood test results. We affirm.

¶3    Doyle was charged with the offense of operating a motor vehicle with an alcohol concentration of 0.08 or more, in violation of § 61-8-406, MCA.  The District Court conducted a bench trial on April 7, 2005.  During Officer Downs' testimony, Doyle objected to Downs' reference to the blood test results, arguing that because the State did not call the nurse who withdrew the blood to verify that she was indeed a registered nurse, it had failed to lay a proper foundation.  Downs explained that he took Doyle to the Garfield Community Health Center to have his blood drawn and testified that RN Lillian Johnson (Nurse Johnson) withdrew the blood from Doyle, and that he observed Nurse Johnson take Doyle's blood in accordance with standard operating procedures.

¶4    The District Court concluded Officer Downs' testimony sufficiently established the foundational requirements for admitting the blood test results and overruled Doyle's

2

objection. After the State presented its case-in-chief, Doyle changed his plea to guilty, reserving the right to appeal the court's ruling. This appeal results therefrom.

¶5 "The determination of the adequacy of foundation for the admission of evidence is within the discretion of the trial court . . . ." *State v. DuBray*, 2003 MT 255, ¶ 74, 317 Mont. 377, ¶ 74, 77 P.3d 247, ¶ 74 (citing *State v. Christenson*, 250 Mont. 351, 359, 820 P.2d 1303, 1308 (1991)). We will not overturn such a determination "absent a clear abuse of discretion." *DuBray*, ¶ 74.

¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law, including *State v. Decker*, 251 Mont. 339, 828 P.2d 1342 (1991), which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶7 We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER

3